UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISSAC BROWN,

                    Plaintiff,
v.                                    Case No. 3:08-cv-303-J-32TEM

MUNICIPALITIES OF THE FOURTH
JUDICIAL CIRCUIT COURT, et al.,

                    Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Issac Brown, who is proceeding *pro se*, initiated this action by filing a pleading entitled, "Civil Right Complaint 42 U.S.C. 1983" (Doc. #1) (hereinafter Complaint). Plaintiff names the following Defendants in this action: (1) Municipalities of the Fourth Judicial Circuit Court; (2) the Jacksonville Sheriff's Office (hereinafter JSO); (3) Patricia A. Kyser, an Assistant Public Defender in Duval County; (4) Dale R. Campion, an Assistant State Attorney for the Fourth Judicial Circuit; (5) Jeffrey S. Lawrence, a police officer with the JSO; (6) C.A. Bronson, a police officer with the JSO; and, (7) Shawn M. Pringle, a police officer with the JSO.

Plaintiff claims that he was arrested on January 7, 1993, and charged with two counts of burglary. He contends that the police officers falsely charged him with these fabricated offenses, which he did not commit. He further alleges that the Defendants

conspired to obtain unlawful burglary convictions, and that Defendant Kyser coerced him to accept a plea bargain for fifteen years.  As relief, Plaintiff requests monetary damages.

The Court takes judicial notice of Case Number 3:08-cv-174-J-32HTS, in which Plaintiff raised many of the same claims against several of the same Defendants.  The Court entered a dismissal order in that case, which states in pertinent part the following:

> Plaintiff Issac Brown, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on February 14, 2008.  On February 19, 2008, he filed an Amended Complaint (Doc. #4).  Plaintiff names (1) Dale R. Campion, an Assistant State Attorney for the Fourth Judicial Circuit; (2) Patricia A. Kyser, an Assistant Public Defender in Duval County; and (3) municipalities in the Fourth Judicial Circuit Court as the Defendants in this action.FN1   Plaintiff claims that the Defendants conspired to obtain unlawful burglary convictions in 1993 and that Defendant Kyser coerced him to accept a plea bargain for fifteen years.  As relief, Plaintiff requests monetary damages.
>
> Plaintiff seeks to proceed *in forma pauperis* in this action.  Thus, despite the fact that Plaintiff is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).FN2   The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).
>
> > FN1.  Although Plaintiff named the "municipalities of the Fourth Judicial Circuit Court" as

2

> Defendants in this case, he did not set forth any allegations against the City of Jacksonville or any other municipality within the Fourth Judicial Circuit.
>
> FN2. Clearly, 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the *in forma pauperis* statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Here, it appears that Plaintiff has little or no chance of success on his

conspiracy claim. Plaintiff's vague and conclusory allegations of a conspiracy will not support an action raised pursuant to 42 U.S.C. § 1983. To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To establish a conspiracy claim under § 1983, it must be demonstrated

> that the defendants "reached an understanding to violate [his] rights." Strength, 854 F.2d at 425 (quotation omitted). The plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990), but must show some evidence of agreement between the defendants. Bailey v. Bd. of County Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992) ("The linchpin for conspiracy is agreement, which presupposes communication."). For a conspiracy claim to survive a motion for summary judgment "[a] mere 'scintilla' of evidence . . . will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-84 (11th Cir. 2002); Bevan v. Durling, 243 Fed. Appx. 458 (11th Cir. 2007) (citation omitted) (not selected for publication in the Federal Reporter).

In civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Fullman v. Graddick, 739 F.2d

553, 556-57 (11th Cir. 1984); <u>Kearson v. Southern Bell Tel. & Tel. Co.</u>, 763 F.2d 405, 407 (11th Cir. 1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1065 (1986). The First Circuit stated:

> In an effort to control frivolous conspiracy suits under 1983, federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy. It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts. <u>Dunn v. Gazzola</u>, 216 F.2d 709, 711 (1st Cir. 1954); <u>Kadar Corp. v. Milbury</u>, 549 F.2d 230 (1st Cir. 1977); <u>Fletcher v. Hook</u>, 446 F.2d 14 (3rd Cir. 1971); <u>Johnson v. Stone</u>, 268 F.2d 803 (7th Cir. 1959); <u>Ellingburg v. King</u>, 490 F.2d 1270 (8th Cir. 1974); <u>Powell v. Jarvis</u>, 460 F.2d 551 (2d Cir. 1972). This rule might have been applied with profit to this case. The complaint contains frequent references to conspiracy, but it offers few insights into the specific nature of the alleged concerted action. The only specific allegation regarding a conspiracy is the statement that the constable forged illegal documents and served them on the plaintiff at the request of the credit union's lawyer and with the knowledge of the court's clerk. Despite language hinting at a wider conspiracy, the plaintiff has failed to plead facts supporting these vague claims, and the courts need not conjure up unpleaded facts to support these conclusory suggestions. <u>O'Brien v. DiGrazia</u>,

>   544 F.2d 543, 546 n. 3 (1st Cir. 1976).
>
> Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978) (footnote omitted).
>
>   The Eleventh Circuit has stated:
>
> >   To prove a 42 U.S.C. §1983 conspiracy, a plaintiff "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990), cert. denied, 114 U.S. ____, 111 S.Ct. 2053, L.Ed.2d 459 (1991).
> >
> >   . . .
> >
> >   [T]he linchpin for conspiracy is agreement, which presupposes communication . . . .
>
> Bailey v. Bd. of County Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir.), cert. denied, 506 U.S. 832 (1992).

Plaintiff has not described an agreement between the Defendants or any sort of communication between the Defendants to reflect an agreed upon decision to deny Plaintiff his constitutional rights. In sum, Plaintiff has failed to plead facts reflecting there was a meeting of the minds or an understanding to violate any of Plaintiff's constitutional rights. See Lowe v. Aldridge, 958 F.2d 1565, 1573 (11th Cir. 1992).

Further, Plaintiff claims that Patricia A. Kyser, an Assistant Public Defender acting as his defense counsel, was ineffective for her failure to proceed to trial and for her coercing Plaintiff to enter the fifteen-year guilty plea. With respect to Defendant Kyser, Plaintiff has failed to satisfy the first

>     prong of the § 1983 two-part test (acting
>     under color of state law). The United States
>     Supreme Court has stated that "a public
>     defender does not act under color of state law
>     when performing a lawyer's traditional
>     functions as counsel to a defendant in a
>     criminal proceeding." <u>Polk County, et al. v.
>     Dodson</u>, 454 U.S. 312, 325 (1981) (footnote
>     omitted). Here, Defendant Kyser was
>     performing a lawyer's traditional function of
>     representing Plaintiff in a state criminal
>     action. As such, Defendant Kyser was not
>     acting under color of state law.
>
>     Furthermore, Plaintiff has named
>     Defendant Campion, the prosecutor, as a
>     Defendant. Prosecutors are entitled to
>     "absolute immunity from damages for acts or
>     omissions associated with the judicial
>     process, in particular, those taken in
>     initiating a prosecution and in presenting the
>     government's case." <u>Bolin v. Story</u>, 225 F.3d
>     1234, 1242 (11th Cir. 2000) (citing <u>Imbler v.
>     Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Jones
>     v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir.
>     1999); and, <u>Fullman v. Graddick</u>, 739 F.2d 553,
>     558-59 (11th Cir. 1984)); <u>see also</u> <u>Mastroianni
>     v. Bowers</u>, 173 F.3d 1363, 1366 (11th Cir.
>     1999) (quoting <u>Buckley v. Fitzsimmons</u>, 509
>     U.S. 259, 273, (1993)). Thus, Defendant
>     Campion is absolutely immune from suit in this
>     case.
>
>     Therefore, for all of the above-stated
>     reasons, this case will be dismissed without
>     prejudice.

Case Number 3:08-cv-174-J-32HTS, Order of Dismissal Without Prejudice (Doc. #5), filed February 21, 2008.

Insofar as Plaintiff raises the same claims against the same Defendants in the Complaint before this Court as he did in the amended complaint in Case Number 3:08-cv-174-J-32HTS, this case will be dismissed as malicious abuse of the judicial process. To

7

the extent Plaintiff raises additional claims against the Defendants in this action, this case will be dismissed as frivolous for the following reasons.

The actions Plaintiff challenges in his Complaint occurred more than four years before this case was filed. Because Plaintiff's action is barred by the statute of limitations, this case is due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Additionally, it is clear that Plaintiff's malicious prosecution claim is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).

8

Here, Plaintiff has not alleged that the criminal proceedings have terminated in his favor. In fact, the Court takes judicial notice of the information on the Florida Department of Corrections' website (http://www.dc.state.fl.us/ActiveInmates), which states that on February 8, 2008, Plaintiff was released from prison, after completing his sentences for two burglary convictions. Therefore, Plaintiff has failed to state a claim upon which relief may be granted at this time with respect to his malicious prosecution claim.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of June, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

ps 5/30
c:
Issac Brown